**BOARD OF WATER COMMISSIONERS, DENVER WATER DEPARTMENT, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, DIVISION OF EMPLOYMENT AND TRAINING, and Darrin E. Johnston, Respondents.**

**No. 94CA0108.**

Colorado Court of Appeals,
Div. III.

Aug. 11, 1994.

ant, Darrin E. Johnston. We set aside the order and remand for further proceedings.

We agree with employer that the established findings of evidentiary fact do not support the hearing officer's conclusion, upheld by the Panel, that claimant was *not* responsible or "at fault" for the separation from this employment. Consequently, the award of unemployment benefits based on this conclusion cannot be sustained on review. *See* § 8–74–107(6), C.R.S. (1986 Repl. Vol. 3B).

Rather, we conclude that this matter must be remanded to the Panel for further proceedings and the entry of a new order consistent with the established findings of evidentiary fact. Specifically, on remand, based on these evidentiary findings, the Panel is directed to enter an order disqualifying claimant from benefits based on the application of § 8–73–108(5)(e)(XX), C.R.S. (1986 Repl.Vol. 3B) (failure to meet other defined and established job standards).

Here, the relevant evidentiary findings made by the hearing officer are not challenged on appeal, having been based on the uncontroverted evidence presented by employer at the hearing conducted in this matter. Thus, it is undisputed that claimant was terminated from this employment in accordance with employer's established substance abuse policies because he tested positive for cocaine in a drug test required by employer.

Specifically, the evidence established, and the hearing officer found, the following facts. Claimant was required, as a condition of his employment, to complete satisfactorily a drug and alcohol screening test as part of a pre-placement physical examination. Employer's substance abuse policy required termination of those individuals who tested positive for illegal drugs other than marijuana in such tests. Claimant was aware of the drug testing requirement and the consequences of not successfully passing the drug test, and he was advised of the test in advance. Even so, claimant tested positive for cocaine in the drug test, and he was then terminated by employer on that basis in accordance with its policies. In his exit interview, claimant also admitted that he had used cocaine.

Patricia L. Wells, Anne R. Avery, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Mary Karen Maldonado, Sr. Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Div. of Employment and Training.

No appearance for respondent Darrin E. Johnston.

Opinion by Judge PLANK.

In this unemployment compensation case, employer, the Denver Water Board, seeks review of a final order of the Industrial Claim Appeals Panel which upheld a hearing officer's decision awarding benefits to claim-

However, the hearing officer rejected employer's contention that claimant should be disqualified from benefits based on the application of § 8–73–108(5)(e)(VII), C.R.S. (1986 Repl.Vol. 3B) (violation of a company rule which resulted or could have resulted in serious damage to employer's property or interests or which could have endangered employees' lives). Rather, the hearing officer ruled that, although claimant was terminated for violating a company rule, employer had failed to establish all of the requisite elements for the application of this subsection in this case, i.e., that claimant's violation of employer's drug policy resulted or could have resulted in "serious damage" or "endangerment."

Nevertheless, although the hearing officer also specifically found that this case involved "a willful action on the claimant's part" that resulted in his termination, the hearing officer then went on to conclude that claimant was *not* responsible or "at fault" for the separation here and awarded him benefits on that basis.

On review, the Panel upheld the hearing officer's decision. The Panel also rejected employer's further contentions that claimant should be disqualified under either § 8–73–108(5)(e)(VIII), C.R.S. (1986 Repl.Vol. 3B) (*off-the-job use* of controlled substances to a degree interfering with job performance) or § 8–73–108(5)(e)(IX), C.R.S. (1986 Repl.Vol. 3B) (*on-the-job use* of controlled substances, without further limitations). As to these subsections, the Panel similarly ruled that employer also failed to establish all of the requisite elements for the application of either of these provisions in this case.

However, the Panel then went on to uphold the hearing officer's award of benefits without addressing the "fault" issue. Moreover, neither the hearing officer nor the Panel considered whether claimant should be disqualified from benefits under § 8–73–108(5)(e)(XX), which provides, in pertinent part, for a disqualification "[f]or other reasons including, but not limited to ... *failure to meet established* job performance or other *defined standards.*" (emphasis added)

■ Contrary to the Panel's argument on appeal, we conclude that the determination as to whether a claimant was responsible or "at fault" for the separation from employment is *not* a question of evidentiary fact, but rather is an ultimate legal conclusion to be based on the established findings of evidentiary fact. *See Keil v. Industrial Claim Appeals Office,* 847 P.2d 235 (Colo.App.1993); *Nielsen v. AMI Industries, Inc.,* 759 P.2d 834 (Colo.App.1988); *see also Federico v. Brannan Sand & Gravel Co.,* 788 P.2d 1268 (Colo.1990).

Thus, the "fault" issue is governed by a different standard of review than is applicable to review of evidentiary findings, and the Panel's ruling must be set aside if, as here, the established findings of evidentiary fact do not support the conclusion that claimant was not at fault for the separation. *See* § 8–74–107(6); *Nielsen v. AMI Industries, Inc., supra.*

■ Here, it is undisputed from the evidentiary record that employer had an established drug testing requirement that claimant, as a condition of his employment, was required to pass. Further, claimant was aware of this requirement and the consequences of failing to meet it, and yet he acted "willfully" in using cocaine anyway, resulting in the positive test results and his termination on that basis.

Because these undisputed evidentiary facts support the conclusions that claimant was indeed responsible or "at fault" for the separation here, a disqualification pursuant to § 8–73–108(5)(e)(XX) is warranted. *See Keil v. Industrial Claim Appeals Office, supra; Pabst v. Industrial Claim Appeals Office,* 833 P.2d 64 (Colo.App.1992).

In light of this disposition of the issues, we need not address employer's remaining contentions of error.

Accordingly, the Panel's order is set aside, and the cause is remanded to the Panel for entry of an order disqualifying claimant from receipt of benefits pursuant to § 8–73–108(5)(e)(XX).

STERNBERG, C.J., and JONES, J., concur.