The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
November 21, 2019

## 2019COA173

**No. 19CA0679, *M & A Acquisition Corp. v. ICAO* — Labor and Industry — Colorado Employment Security Act — Benefit Awards**

As a matter of first impression, the division concludes that the ICAO Appeals Panel erroneously treats section 8-73-108(5)(e)(IX.5), C.R.S. 2019 as the exclusive applicable provision for disqualifying an employee from unemployment compensation eligibility when the employee's separation from employment resulted from a positive drug test administered pursuant to the employer's drug policy.

Court of Appeals No. 19CA0679
Industrial Claim Appeals Office of the State of Colorado
DD No. 48631-2018

_____

M & A Acquisition Corp./West Star Aviation, Inc.,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Ryan D. Holm,

Respondents.

_____

ORDER SET ASIDE AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE TOW
J. Jones and Fox, JJ., concur

Announced November 21, 2019

_____

Bechtel Santo & Severn, Michael C. Santo, Emily E. Tichenor, Grand Junction, Colorado, for Petitioner

No Appearance for Respondents

¶ 1    In this unemployment compensation benefits case, M & A Acquisition Corp. seeks review of a final order of the Industrial Claim Appeals Office (Panel). The Panel affirmed a hearing officer's decision awarding benefits to Ryan D. Holm. M & A discharged Holm because he tested positive for marijuana.

¶ 2    M & A contends that the Panel erred by limiting its analysis to a single disqualifying subsection of the statute, section 8-73-108(5)(e)(IX.5), C.R.S. 2019, and by expressly declining to consider other potentially applicable disqualifying subsections. We agree and therefore set aside the Panel's order and remand for further proceedings.

## I.  Background

¶ 3    We derive the following information concerning Holm's job separation from the hearing officer's findings.

¶ 4    Holm worked for M & A as a full-time aircraft mechanic. He was injured at work in February 2017. Although he returned to work for a few days in April and May 2017, he was eventually placed on a medical leave of absence on May 30, 2017.

¶ 5    While on medical leave, Holm needed to go into M & A's office every other week to make payments on a loan against his

retirement account. In November 2017, while Holm was in the office making a loan payment, a person in human resources notified him that his name had been pulled for a random drug test. M & A had a written policy requiring employees to submit to random drug tests if their names came up for such testing. Holm was aware of this policy. Holm tested positive for marijuana, and M & A thereafter discharged him based on the test result.

¶ 6     The hearing officer found that Holm was still an M & A employee and therefore subject to the drug testing policy but was not working when he was tested. The hearing officer determined that because Holm had been on a leave of absence since May 30, 2017, and had not performed work for M & A since that date, he was not at fault for the job separation. Consequently, the hearing officer awarded Holm benefits on a no-fault basis. *See* § 8-73-108(1)(a) (setting forth the guiding legislative principle that "unemployment insurance is for the benefit of persons unemployed through no fault of their own").

¶ 7     M & A appealed the decision to the Panel, arguing that Holm was disqualified from receiving benefits under three statutory provisions: (1) "[v]iolation of a statute or of a company rule which

resulted or could have resulted in serious damage to the employer's property or interests"; (2) "[o]ff-the-job use of not medically prescribed intoxicating beverages or controlled substances . . . to a degree resulting in interference with job performance"; and (3) "failure to meet established job performance or other defined standards."  § 8-73-108(5)(e)(VII), (VIII), (XX).

¶ 8     On review, the Panel affirmed the hearing officer's decision but applied a different rationale.  It concluded that "when an individual is separated from employment due to a positive drug test administered pursuant to the employer's drug policy, the provisions of [section] 8-73-108(5)(e)(IX.5), C.R.S. are exclusive" and disqualification "is not warranted under one of the more general disqualification provisions."  Hence, the Panel declined to consider whether the three other possible disqualifying subsections urged by M & A applied.

¶ 9     Because marijuana was not present in Holm's system "during working hours" as required by subsection (IX.5), the Panel concluded that he was not disqualified from receiving benefits under that subsection. Based on its conclusion that subsection (IX.5) was the only potentially applicable disqualifying subsection,

3

the Panel reasoned that since its requirements were not met, Holm was not at fault for the separation and was entitled to an award of benefits.

## II. Discussion

¶ 10    M & A contends that the Panel erred by considering only subsection (IX.5) and by expressly declining to consider other possible disqualifying subsections. We agree.

¶ 11    We may set aside a Panel decision if, among other reasons, it is erroneous as a matter of law. *See* § 8-74-107(6), C.R.S. 2019; *Whitewater Hill, LLC v. Indus. Claim Appeals Office*, 2015 COA 5, ¶ 10. We review de novo an agency's legal conclusions, including its interpretation of statutes. *Whitewater Hill,* ¶ 10.

¶ 12    As pertinent here, subsection (IX.5) provides for disqualification from the receipt of benefits based on the

> presence in an individual's system, during working hours, of not medically prescribed controlled substances . . . as evidenced by a drug or alcohol test administered pursuant to a statutory or regulatory requirement or a previously established, written drug or alcohol policy of the employer and conducted by a medical facility or laboratory licensed or certified to conduct such tests.

§ 8-73-108(5)(e)(IX.5).

4

¶ 13    Nothing in the language of this subsection supports the Panel's conclusion that it should be applied exclusively in certain circumstances.  Furthermore, the Panel's conclusion that subsection (IX.5) applies exclusively directly conflicts with the following language in section 8-73-108(5)(e): "[I]f a separation from employment occurs for *any of the following reasons*, the employer from whom such separation occurred must not be charged for benefits which are attributable to such employment and . . . a payment of such benefits must not be made from [the unemployment compensation] fund . . . ."  (Emphasis added.)  The statute then lists twenty-five separate subsections, each of which describes a separate possible circumstance or reason supporting benefit disqualification.  *See* § 8-73-108(5)(e)(I)-(XXIV).  Section 8-73-108(4), which lists the statute's various qualifying provisions, contains the same "any of the following reasons" language.

¶ 14    Thus, the statute contemplates that hearing officers and the Panel will consider all potentially applicable qualifying and disqualifying provisions.  *See Mattison v. Indus. Comm'n*, 33 Colo. App. 203, 206-07, 516 P.2d 1143, 1145 (1973) (noting that where cases "fall within two or more provisions of the Act . . . the

5

Commission has wide latitude in determining which section will be applied" and that if "the facts of a case are covered specifically by one section of the statute, that provision must be applied"); *see also Dailey, Goodwin & O'Leary, P.C. v. Div. of Emp't,* 40 Colo. App. 256, 259, 572 P.2d 853, 855 (1977) (stating that "the facts in a given case [must] be examined to ascertain if they bring the matter within any statutory category").

¶ 15    To support its conclusion that Holm's firing based on the positive drug test only triggers consideration of subsection (IX.5), the Panel stated as follows: "In our view, the reasoning of the court of appeals in *Board of Water Commissioners v. Industrial Claim Appeals Office,* 881 P.2d 476 (Colo. App. 1994) and the fact that the General Assembly subsequently enacted [section] 8-73-108(5)(e)(IX.5) is controlling." We are not persuaded that either *Board of Water Commissioners* or the enactment of subsection (IX.5) supports the Panel's conclusion.

¶ 16    First, contrary to the Panel's assertion, *Board of Water Commissioners* was announced on August 11, 1994, more than a month *after* subsection (IX.5) became effective on July 1, 1994. *See* Ch. 321, sec. 1, § 8-73-108(5)(e)(IX.5), 1994 Colo. Sess. Laws 1998.

6

Thus, to the extent the Panel considered subsection (IX.5) to be a legislative response to *Board of Water Commissioners*, it was in error.

¶ 17 Furthermore, nothing in *Board of Water Commissioners* itself supports the Panel's conclusion that subsection (IX.5) should be applied exclusively. In that case, the claimant was fired because he tested positive for cocaine in violation of the employer's substance abuse policy. *Bd. of Water Comm'rs*, 881 P.2d at 477. However, the hearing officer awarded the claimant benefits, concluding that although he had been fired for violating a company rule, the employer had not established the requisite "serious damage" or "endangerment" to support disqualification under section 8-73-108(5)(e)(VII). *Bd. of Water Comm'rs*, 881 P.2d at 477-78. The hearing officer also determined that the claimant was not responsible or "at fault" for the separation. *Id.* at 478.

¶ 18 The Panel affirmed. *Id.* It rejected the employer's argument that the claimant should be disqualified under two subsections specifically relating to controlled substances, section 8-73-108(5)(e)(VIII) and (IX). *Bd. of Water Comm'rs*, 881 P.2d at 478.

¶ 19     On review, a division of this court reversed.  Based on the

evidentiary record, the division concluded that the claimant was (1)

at fault for the job separation and (2) disqualified from receiving

benefits under a statutory subsection the Panel and the hearing

officer had not even considered — section 8-73-108(5)(e)(XX) (failure

to meet established job performance or other defined standards).

*Bd. of Water Comm'rs*, 881 P.2d at 478.

¶ 20     In our view, *Board of Water Commissioners* does not support

the Panel's conclusion that it should only consider a single

disqualifying subsection in this type of job separation scenario.  To

the contrary, it supports the apparent legislative intent expressed in

section 8-73-108 that hearing officers and the Panel should

consider all potentially applicable subsections of the statute.

¶ 21     Moreover, the employer's failure to satisfy the specific

requirements for disqualification under subsection (IX.5) does not,

in our view, justify ignoring other more general and potentially

applicable subsections.  We note that the *Board of Water

Commissioners* division chose to consider and apply a more general

subsection — section 8-73-108(5)(e)(XX) — even though the

evidence in that case did not support applying other disqualifying

subsections, including two that more specifically addressed controlled substances. Indeed, construing subsection (IX.5) to apply exclusively would effectively nullify or render meaningless section 8-73-108(5)(e)'s language that disqualification is required if "any of the following reasons" contained in the twenty-five subsections exists. *See Yotes, Inc. v. Indus. Claim Appeals Office*, 2013 COA 124, ¶ 14 (courts must give consistent, harmonious, and sensible effect to all parts of a statute and avoid an interpretation or construction that renders any language meaningless).

¶ 22     It appears the Panel may have invoked the canon of statutory interpretation dictating that the specific overrides the general. *See* § 2-4-205, C.R.S. 2019. However, where statutory provisions appear to conflict, they "shall be construed, if possible, so that effect is given to both." *Id.* In other words, the specific-overrides-general canon "is only applicable when 'a conflict between two statutory provisions is *irreconcilable.*'" *Young v. Brighton Sch. Dist. 27J*, 2014 CO 32, ¶ 16 (emphasis in *Young*) (quoting *Martin v. People*, 27 P.3d 846, 860 (Colo. 2001)).

¶ 23     Any conflict among the provisions at issue in this case is not irreconcilable. Subsection (IX.5) disqualifies an individual for the

9

sole reason that he or she had a positive drug or alcohol test while working, essentially dispensing with the need for an employer to establish any impairment of the employee's abilities or adverse effect on the employer's business. However, subsection (VII) would apply where an employee violates an employer's rule prohibiting drug use, whether on or off the job, but an employer would be required to demonstrate that the employee's drug use had, or could have had, adverse impacts on the company. Similarly, subsection (VIII) could be applied to off-the-job drug use but requires proof that the drug use interfered with the employee's job performance. And subsection (XX), when applied in a drug use or testing scenario, requires the employer to establish that an employee's drug use or failed drug test caused him or her to fail to meet an established job performance or other defined standard. Because there is no irreconcilable conflict, all provisions of the statute are amenable to harmonious construction, and thus must be given effect.

¶ 24 For these reasons, we agree with M & A's contention that the Panel erred by limiting its analysis in this case solely to subsection (IX.5).

¶ 25     We note the Panel ultimately concluded that Holm was not at fault for the discharge, and we acknowledge that such a conclusion could, by itself, support an award of benefits. *See Cole v. Indus. Claim Appeals Office*, 964 P.2d 617, 618 (Colo. App. 1998) ("[E]ven if the findings of the hearing officer may support the application of one of the disqualifying sections of the statute, a claimant may still be entitled to benefits if the totality of the circumstances establishes that the claimant's separation occurred through no fault of her own."). But it appears that the Panel's fault analysis was based *solely* on its erroneous conclusion that subsection (IX.5) applies exclusively.

¶ 26     We conclude that the proper remedy is to set aside the Panel's order and remand for it to consider whether the findings and the evidence should support disqualifying Holm under any of the other statutory subsections asserted by M & A. In doing so, we express no opinion as to the merits of M & A's contentions that Holm is disqualified under any of the three provisions, particularly in light of the hearing officer's factual finding that Holm's use of marijuana did not interfere with his performance at work. We also note that, on remand, the Panel is to review the matter on the record before it,

11

and consider only those arguments previously asserted by M & A. The Panel should also determine whether Holm was at fault for the separation using the generally recognized legal standards for that inquiry. *See Mesa Cty. Pub. Library Dist. v. Indus. Claim Appeals Office*, 2017 CO 78, ¶ 18; *Cole*, 964 P.2d at 618-19.

## III. Conclusion

¶ 27 The Panel's order is set aside, and the case is remanded for further proceedings consistent with the views expressed in this opinion.

JUDGE J. JONES and JUDGE FOX concur.