25CA0128 Alexander v ICAO 11-26-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0128
Industrial Claim Appeals Office of the State of Colorado
DD No. 24153-2024

---

Daniel Alexander,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Luna Freight, LLC,

Respondents.

---

ORDER AFFIRMED

Division A
Opinion by JUDGE BERNARD*
Román, C.J., and Taubman*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 26, 2025

---

Daniel Alexander, Pro Se

No Appearance for Respondent Industrial Claim Appeals Office

Ogletree, Deakins, Nash, Smoak & Stewart, PC, William Cusack, Denver, Colorado, for Respondent Luna Freight, LLC

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1       Claimant, Daniel Alexander, appeals the denial of his claim for unemployment benefits. We affirm.

## I. Background

¶ 2       Claimant worked as a delivery driver until his employer, Luna Freight, LLC, terminated his employment. A short time later, a deputy from the Division of Unemployment Insurance denied his claim for unemployment benefits. The division's deputy found claimant was disqualified from receiving benefits under section 8-73-108(5)(e)(XIV), C.R.S. 2025 (disqualifying claimants terminated for rudeness, insolence, or offensive behavior).

¶ 3       Claimant appealed, and the division scheduled an evidentiary hearing to address the reasons why employer terminated his employment. Upon reviewing the evidence, the hearing officer found employer had terminated him because he had made a "lewd" comment in a communications app used by employer's drivers. But the hearing officer reversed the deputy's decision and approved claimant's benefits claim.

¶ 4       Unlike the deputy, the hearing officer did not evaluate the facts under section 8-73-108(5)(e)(XIV). Rather, he considered only subsection (5)(e)(XX), which disqualifies claimants who fail to meet

1

"established job performance or other defined standards." He found that claimant's lewd post did not violate any of Employer's established job performance or other defined standards. In practice, the hearing officer noted, employees often used the app to vent about "cris[e]s and frustration[s]," and, in doing so, they "would regularly use language that was generally considered lewd." Although the hearing officer found that employer had been "offended" by the comment and that the comment "may have been a violation of a written policy or code of conduct[,]" it was nonetheless "not a violation of [employer's] actual standard." As a result, the hearing officer decided the claim was not disqualified under subsection (5)(e)(XX).

¶ 5     The hearing officer also decided claimant was not at fault for his job termination. Specifically, the hearing officer noted that "[i]nsufficient persuasive evidence exists on the record to indicate that [claimant] exercised choice or control over the circumstances" leading to his "separation from employment because he did not act as believed and he was unaware that his language at that time might be considered inappropriate by the employer." Accordingly, the hearing officer reversed the deputy's decision.

¶ 6    Employer appealed the decision to a panel of the Industrial Claims Appeals Office, which reversed it. The panel first referred to the hearing officer's finding that employer terminated claimant's employment because he had made an offensive comment in the driver communications app. Deferring to that finding, the panel next considered it, as the hearing officer had, through the lens of section 8-73-108(5)(e)(XIV), which disqualifies claimants who are terminated for rudeness, insolence, or offensive behavior.

¶ 7    Applying an objective standard for offensiveness, the panel found that claimant's statement met the statutory standard, that it was reasonable for employer to be offended by the comment, and that, consequently, claimant was disqualified under subsection (5)(e)(XIV). The panel also decided claimant had exercised volition when he posted the offensive message in the communications app, and he was, therefore, at fault for his job termination and not otherwise entitled to unemployment benefits.

## II.    Discussion

### A.    Standard of Review and Legal Principles

¶ 8    Under section 8-74-107, C.R.S. 2025, we will not disturb factual findings "supported by substantial evidence," and we will

only set aside the panel's decision if (1) it acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the factual findings did not support its decision; or (4) the decision is erroneous as a matter of law. Substantial evidence is "probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular finding." *Rathburn v. Indus. Comm'n*, 566 P.2d 372, 373 (Colo. App. 1977).

¶ 9 Section 8-73-108(5)(e) provides claimants will be disqualified from receiving benefits if their employment separation occurred for "any" of several specifically enumerated reasons. *See M&A Acquisition Corp. v. Indus. Claim Appeals Off.*, 2019 COA 173, ¶ 21. It is well established that "the statute contemplates that hearing officers and the [p]anel will consider all potentially applicable . . . disqualifying provisions." *Id.* at ¶ 14.

¶ 10 Section 8-73-108(5)(e)(XIV) disqualifies any claimant terminated for "[r]udeness, insolence, or offensive behavior . . . not to be reasonably countenanced by a customer, supervisor, or fellow worker." To determine what caused a claimant's job termination, the hearing officer considers the totality of the evidence. *Eckart v. Indus. Claim Appeals Off.*, 775 P.2d 97, 99 (Colo. App. 1989).

4

¶ 11    Section 8-73-108(5)(e)'s disqualification provisions "must be read in light of the express legislative intent . . . to provide benefits to those who become unemployed through 'no fault' of their own." *Cole v. Indus. Claim Appeals Off.*, 964 P.2d 617, 618 (Colo. App. 1998) (quoting § 8-73-108(1)(a)). So, even if the hearing officer's findings may support disqualification under that section, claimants may still be entitled to benefits if the totality of the circumstances establishes that their job separation occurred through no fault of their own. *Id.* In this context, "fault" requires a volitional act or "the exercise of some control or choice by the claimant in the circumstances resulting in the separation such that the claimant can be said to be responsible for the separation." *Id.* Claimants' responsibility or "fault" for their job separation is an ultimate legal conclusion based on the established findings of evidentiary fact. *Id.* at 618-19.

## B.    Causation

¶ 12    Claimant contends that the panel erred when it determined the cause of his job termination. He asserts the panel "relied on" employer's "inconsistent" statements regarding the cause of his termination. Indeed, as claimant points out, employer's witnesses

testified to a multitude of reasons why claimant no longer works for employer, including belligerent behavior, job abandonment, poor performance, and an inappropriate comment.

¶ 13     But we reject claimant's contention because the panel did not determine the cause of his job termination.  Rather, the panel deferred to the hearing officer's factual finding that employer terminated him for making a "lewd" comment on the drivers' app.  In the briefs he submitted to the panel, he did not challenge this finding, and he cannot raise this challenge now.  *See Wafford v. Indus. Claim Appeals Off.*, 907 P.2d 741, 744 (Colo. App. 1995)(declining to consider argument not raised before the panel).

¶ 14     Unlike the hearing officer, the panel considered this fact through the lens of subsection (5)(e)(XIV).  Claimant does not suggest the panel erred in doing so, and we do not perceive any error in doing so.  To the contrary, the hearing officer erred when he determined that subsection (5)(e)(XX) did not disqualify claimant without considering whether any other disqualification provision applied.  *See M&A Acquisition Corp.*, ¶ 14 (noting the statute contemplates hearing officers and the panel will consider whether any of the disqualification provisions apply).

¶ 15    Claimant also appears to contend that he should not be disqualified from receiving benefits because employer did not terminate other employees who made similarly lewd or offensive comments on the drivers' app. This argument does not succeed for a couple of reasons.

¶ 16    First, neither the hearing officer nor the panel made a factual finding that other employees made lewd or offensive remarks and were not terminated, and we cannot make factual findings. § 8-74-107 (omitting any factfinding authority from the scope of our review). Second, even if the hearing officer or panel had made such a finding, claimant cites no legal authority supporting his argument that such facts would preclude his own disqualification, as a matter of law, and we are not aware of any such authority.

¶ 17    Claimant highlights the hearing officer's findings that, in making the lewd comment, he did not intend to offend employer or to violate any work policy. He asserts the panel erred when it did not address these findings.

¶ 18    We disagree because the panel noted that an "objective standard" applies in administering subsection (5)(e)(XIV). *See Davis v. Indus. Claim Appeals Off.*, 903 P.2d, 1243, 1244 (Colo. App.

1995).  It specifically stated that "the required determination is whether a reasonable person in the circumstances would find the behavior to be rude, insolent, or offensive and would not countenance it."  In other words, claimant's intent was irrelevant to the analysis.

¶ 19    Claimant next points to the hearing officer's finding that employer's demonstrated expectations regarding use of the drivers' app differed significantly from its written policy regarding such use. He submits the panel erred by "ignor[ing]" this finding.

¶ 20    We disagree because claimant does not explain — and we do not see — how this putative difference would justify reversing the panel's decision.  Indeed, although this finding supported the hearing officer's subsection (5)(e)(XX) analysis, it is unclear to us how it relates to disqualification under subsection (5)(e)(XIV). Lacking any citation to legal authority or guidance from claimant, we decline to consider this contention further.  *Vallagio at Inverness Residential Condo. Ass'n, Inc. v. Metro. Homes, Inc.*, 2017 CO 69, ¶¶ 39-40 (we do not consider conclusory propositions devoid of legal citations or analysis).

¶ 21    The panel's order is affirmed.

CHIEF JUDGE ROMÁN and JUDGE TAUBMAN concur.