25CA1045 Garcia v ICAO 01-15-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1045
Industrial Claim Appeals Office of the State of Colorado
DD No. 27609-2024

Danielle Garcia,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and JF & G
Investments LP,

Respondents.

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Grove and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 15, 2026

Danielle Garcia, Pro Se

No Appearance for Respondent Industrial Claim Appeals Office

Campbell Killin Brittan & Ray LLC, Phillip A. Parrott, Lara W. Gabrys, Denver,
Colorado, for Respondent JF & G Investments LP

¶ 1     Danielle Garcia appeals the denial of her claim for unemployment benefits.  We affirm.

## I.     Background

¶ 2     Garcia waited tables at Great Scott's Eatery 2 (Employer) for approximately two years until Employer terminated her employment.  Shortly thereafter, a deputy for the Division of Unemployment Insurance (Division) denied Garcia's claim for unemployment benefits.  Garcia appealed that decision, and the Division scheduled the matter for an evidentiary hearing regarding the reasons for Garcia's job separation.

¶ 3     Upon reviewing the evidence introduced at the hearing, the hearing officer found that Employer terminated Garcia for "performance and attendance concerns," failing "to follow [Employer's] policies and procedures relating to reports of alleged harassment," and failing to obey a reasonable instruction.

¶ 4     The hearing officer ruled that Garcia was disqualified from receiving benefits pursuant to section 8-73-108(5)(e)(VI), C.R.S. 2025 (disqualifying claimants terminated for deliberate disobedience of a reasonable instruction).  When Garcia reported sexual harassment, the hearing officer determined, she deliberately

refused a reasonable instruction to provide details regarding the allegations.

¶ 5     The hearing officer also ruled that Garcia was disqualified from receiving unemployment benefits pursuant to section 8-73-108(5)(e)(VII) (disqualifying claimants terminated for violating a company rule, where such violation could have resulted in serious damage to the employer's interests).  Specifically, the hearing officer found that Employer's "policies require all employees . . . to immediately report any incident of harassment including sexual harassment," and Garcia deferred reporting alleged harassment for seven months.  The hearing officer found that Garcia's delay in reporting "could have caused damage to [Employer's] interests." Lastly, because the hearing officer determined that Garcia was at fault for her job termination, she wasn't otherwise entitled to receive benefits.

¶ 6     Garcia appealed the hearing officer's decision to the Panel, which affirmed.

## II.     Discussion

### A.     Standard of Review and Legal Principles

¶ 7     Under section 8-74-107, C.R.S. 2025, we may not disturb factual findings "supported by substantial evidence" and may only set aside the Panel's decision if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the factual findings don't support its decision; or (4) the decision is erroneous as a matter of law.  Substantial evidence is "probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular finding."  *Rathburn v. Indus. Comm'n*, 566 P.2d 372, 373 (Colo. App. 1977).

¶ 8     Section 8-73-108(5)(e) provides that a claimant shall be disqualified from receiving benefits if her employment separation occurred for "any" of several specifically enumerated reasons.  *See M&A Acquisition Corp. v. Indus. Claim Appeals Off.*, 2019 COA 173, ¶ 21.  It is well established that "the statute contemplates that hearing officers and the Panel will consider all potentially applicable . . . disqualifying provisions."  *Id.* at ¶ 14.  To determine what caused a claimant's job termination, the hearing officer considers

the totality of the evidence. *Eckart v. Indus. Claim Appeals Off.*, 775 P.2d 97, 99 (Colo. App. 1989).

¶ 9 Section 8-73-108(5)(e)'s disqualification provisions "must be read in light of the express legislative intent . . . to provide benefits to those who become unemployed through 'no fault' of their own." *Cole v. Indus. Claim Appeals Off.*, 964 P.2d 617, 618 (Colo. App. 1998) (quoting § 8-73-108(1)(a)). Thus, even if the hearing officer's findings may support a conclusion that the employee engaged in conduct described in section 8-73-108(5)(e), a claimant may still be entitled to benefits if the totality of the circumstances establishes that her job separation occurred through no fault of her own. *Id.* In this context, "fault" requires a volitional act or "the exercise of some control or choice by the claimant in the circumstances resulting in the separation such that the claimant can be said to be responsible for the separation." *Id.* A claimant's responsibility or "fault" for her job separation is an ultimate legal conclusion to be based on the established findings of evidentiary fact. *Id.* at 618-19.

### B. Disqualification Under Section 8-73-108(5)(e)(VI)

¶ 10 Section 8-73-108(5)(e)(VI) disqualifies a claimant from receiving benefits if her employment was terminated for "[d]eliberate

4

disobedience of a reasonable instruction of an employer or an employer's duly authorized representative." In determining the reasonableness of an employer's instruction, the hearing officer applies an objective standard. *Rose Med. Ctr. Hosp. Ass'n v. Indus. Claim Appeals Off.*, 757 P.2d 1173, 1174 (Colo. App. 1988).

¶ 11 The hearing officer found (and the Panel affirmed) that, in July 2024, Garcia "alluded" to Employer's accountant, Richard Acker, that a manager had sexually harassed her. The hearing officer also found that when the owner and her supervisors followed up and asked Garcia to provide additional details — including the specific behavior at issue — she refused. Garcia doesn't challenge either finding, and substantial evidence supports both.

¶ 12 At the hearing, Acker testified that, on July 17, 2024, Garcia mentioned to him multiple "instances" involving the then-general manager, Wyatt Abrams, behaving inappropriately toward her. However, Acker explained, Garcia provided him no examples or other details of that behavior. Also at the hearing, the owner, Carla Abrams, and managers Areceli Arambula and Patrick Powers, all testified that they attended a meeting on July 31, 2024, in which Ms. Abrams attempted to investigate the allegations Garcia reported

to Acker. All three witnesses testified that Garcia refused to provide any further account of the alleged harassment — she would not identify any specific behavior in connection with her general harassment allegations.

¶ 13 Substantial evidence further supports the hearing officer's finding that Employer discharged Garcia, in part, for failing to obey Abrams's request for basic details concerning the allegations. Indeed, Abrams, Arambula, and Powers all testified that Employer discharged Garcia immediately following her refusal to provide the requested information.

¶ 14 Finally, Garcia does not challenge — and we perceive no error in — the hearing officer's findings that (1) Employer's request for details was objectively reasonable; and (2) in refusing to provide the requested details, Garcia exercised control over the circumstances surrounding her discharge and was therefore at fault for the same.

## C. Additional Issues

¶ 15 Garcia makes multiple arguments relating to her disqualification under subsection (5)(e)(VII). However, because we perceive no basis to disturb the disqualification under subsection

(5)(e)(VI), we need not and do not reach Garcia's arguments regarding subsection (5)(e)(VII).[1]

¶ 16　　Garcia also indicates that the hearing officer failed to reference the hearing transcript in her order.  However, Garcia provides no legal authority for the proposition that the hearing officer erred in this respect, and we discern no such requirement in the applicable statutes and regulations.  Thus, we reject this argument.

¶ 17　　We similarly reject Garcia's argument that the hearing officer erred by failing to address all hearing testimony in her order.  The hearing officer didn't have any obligation to do so.  *See Tilley v. Indus. Claim Appeals Off.*, 924 P.2d 1173, 1177 (Colo. App. 1996) (A hearing officer need not address "specific evidence . . . [that] he or she does not find persuasive.").

---

[1] Though the hearing officer found that Employer fired Garcia for three infractions (i.e., (1) performance and attendance concerns; (2) failure to comply with policies regarding reporting sexual harassment; and (3) failing to obey a reasonable instruction), she determined that subsection (5)(e)'s disqualification factors covered only two of those infractions.  Nonetheless, the hearing officer ruled that Garcia was entirely disqualified from receiving benefits, and the Panel affirmed.  Garcia doesn't challenge this, and we discern no controlling case law on point.  Accordingly, in the context of this case, we assume, without deciding, that a claimant may be wholly disqualified from receiving benefits if subsection (5)(e) covers any of multiple circumstances causing job separation.

¶ 18    Finally, Garcia argues that the hearing transcript doesn't accurately reflect the material in the audio recording. However, Garcia provides no specific examples of such inaccuracies, nor does she identify any harm she suffered as a result. Accordingly, we don't consider this argument. C.A.R. 35(c) ("The court may disregard any error or defect not affecting the substantial rights of the parties.").

### III.    Disposition

¶ 19    We affirm the Panel's order.[2]

---

[2] To support its contention that the hearing officer properly assessed evidence and witness credibility, employer's answer brief cites an unpublished decision of this court, which violates our formal policy prohibiting parties from citing such cases (with exceptions that don't apply for this citation). *See* Colo. Jud. Branch, *Court of Appeals Policies, Policy Concerning Citation of Opinions Not Selected for Official Publication* (2025), https://perma.cc/Z88K-5U7F. We trust that this violation of our policy won't be repeated.