**Carla L. DAWSON, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF the STATE OF COLORADO (Ex Officio Unemployment Compensation Commission of Colorado) and Albertson's, Inc., Respondents.**

**No. 82CA1057.**

Colorado Court of Appeals,
Div. III.

Feb. 10, 1983.

Mark T. Angelos, Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Christa Taylor, Asst. Atty. Gen., Denver, for respondents.

VAN CISE, Judge.

Petitioner, Carla L. Dawson (claimant), seeks review of a final order of the Industrial Commission denying her unemployment benefits. We affirm.

Claimant was employed as a part-time bakery clerk in one of the grocery stores of respondent Albertson's, Inc. Her employment was terminated in March 1981.

She filed a claim for unemployment benefits. The Commission found that claimant was at fault in not performing according to job standards and that the incident which precipitated the discharge was only the last in a series of similar failures after warnings. It determined that § 8–73–108(9)(a)(XX), C.R.S.1973 (now 1982 Cum.

Supp.) applied and, pursuant thereto, denied claimant all benefits attributable to Albertson's, Inc., or 25 times the weekly benefit amount, whichever is the lesser.

■ Contrary to claimant's contention, the Commission's findings are supported by substantial evidence in the record. The evidence showed she was fully capable of performing her assigned tasks. Therefore, the findings are conclusive on review. *Pierce v. Industrial Commission,* 195 Colo. 10, 576 P.2d 1012 (1978); § 8–73–108, C.R.S.1973 (1982 Cum.Supp.).

■ The section of the statute determined by the Commission to apply to the facts of this case, § 8–73–108(9)(a)(XX), C.R.S.1973 (1982 Cum.Supp.), allows the Commission to deny unemployment benefits attributable to this employment if the separation occurred for reasons "including, but not limited to ... failure to meet established job performance or other defined standards." Claimant contends that this statute is void for vagueness. We disagree.

There is no unconstitutional vagueness here. "Failure to meet established job performance or other defined standards" as applicable here means that claimant did not do the job for which she was hired and in which she knew what was expected of her.

The other contention of claimant is without merit.

Order affirmed.

KELLY and KIRSHBAUM, JJ., concur.