**Kendal J. PABST, Petitioner,**

**v.**

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Respondent.**

**No. 91CA1682.**

Colorado Court of Appeals,
Div. I.

May 21, 1992.

Kendal J. Pabst, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John R. Parsons, Asst. Atty. Gen., Denver, Colo., for respondent.

Opinion by Judge HUME.

Kendal J. Pabst, claimant, seeks review of a final order of the Industrial Claim Appeals Panel which disqualified him from the receipt of unemployment compensation benefits. We affirm.

The deputy disqualified claimant for failure to meet established job performance standards. *See* § 8–73–108(5)(e)(XX), C.R.S. (1986 Repl.Vol. 3B).

On administrative review of that ruling, a hearing officer found that claimant was not performing his job in a manner which satisfied employer and that claimant knew about employer's concerns following a discussion on January 14, 1991 about his performance. The hearing officer further found that claimant was discharged in February 1991 because he had not made the desired improvement in his performance. However, she nevertheless concluded that claimant had not been made aware that his job "was in jeopardy" if he failed to improve. Consequently, she concluded that claimant had failed to act volitionally and was not at fault for his separation.

Thus, the hearing officer awarded claimant benefits pursuant to § 8–73–108(4), C.R.S. (1986 Repl.Vol. 3B). The Panel, however, reversed the hearing officer and disqualified claimant for failure to meet established job performance standards.

Claimant contends the Panel erred in disqualifying him from the receipt of benefits. Relying on *Zelingers v. Industrial Commission*, 679 P.2d 608 (Colo.App.1984), he argues that because he was not warned that his job was in jeopardy, he did not act volitionally in failing to meet any job performance standards and therefore was not at fault for his separation. Consequently, he argues that he should be awarded benefits pursuant to § 8–73–108(4). We find no merit to this argument.

■ Section 8–73–108(5)(e)(XX) provides for a disqualification if a claimant has been discharged for failing to meet established job performance standards. All that is required to establish a disqualification pursu-

ant to § 8–73–108(5)(e)(XX) is that claimant did not do the job for which he was hired and which he knew was expected of him. *See Dawson v. Industrial Commission,* 660 P.2d 924 (Colo.App.1983).

■ Here, the hearing officer found that claimant knew what was expected of him, at least as of January 14, 1991. The hearing officer further found that claimant did not satisfactorily perform the job thereafter. These findings are sufficient to support a disqualification pursuant to § 8–73–108(5)(e)(XX).

Contrary to claimant's argument, we hold that, if the *Dawson* criteria are met, there is no requirement that a claimant be explicitly warned that his "job is in jeopardy" if his performance does not improve in order to support a disqualification for failure to meet established job performance standards. Further, we are unpersuaded that our decision in *Zelingers v. Industrial Commission, supra,* mandates an award of benefits to claimant. That case concerned an employee who was granted at least tacit permission to miss work prior to being terminated. No such misleading inconsistency exists here.

Since the hearing officer's findings support a disqualification pursuant to § 8–73–108(5)(e)(XX), we will not disturb the Panel's order. Section 8–74–107(6), C.R.S. (1986 Repl.Vol. 3B).

We have considered and find no merit in claimant's other arguments.

Order affirmed.

PIERCE and ROTHENBERG, JJ., concur.