Leslie S. COLE, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO and Exabyte Corporation, Respondents.

No. 98CA0639.

Colorado Court of Appeals,
Div. III.

Aug. 20, 1998.*

Gary A. Fisher, Boulder, for Petitioner.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Jeannette W. Kornreich, Assistant Attorney General, Denver, for Respondent The

* Opinion previously announced as non–published  July 16, 1998, is now selected for publication.

Industrial Claim Appeals Office of the State of Colorado.

No Appearance for Respondent Exabyte Corporation

Opinion by Judge DAVIDSON.

Petitioner, Leslie S. Cole (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) which reversed a hearing officer's decision awarding her unemployment benefits. Based on the hearing officer's evidentiary findings and the record, the Panel instead disqualified her from the receipt of benefits pursuant to § 8–73–108(5)(e)(XXII), C.R.S.1997 (job separation from quitting for personal reasons which do not support an award of benefits under other statutory provisions). We affirm the Panel's order.

Following an evidentiary hearing, the hearing officer found, on substantial supporting evidence, that claimant quit this employment "due to the health problems incurred by her children and her two surgeries." Noting that "[a]ll of the changes and problems involved were beyond the control of the claimant," the hearing officer ruled that "she shall not be denied unemployment insurance benefits as a result." Thus, under "the totality of the circumstances," the hearing officer determined that claimant was "not responsible" for the separation, and granted her an award of benefits on this basis.

On review, because it reached the opposite conclusion as to claimant's responsibility for the separation under the circumstances shown here, the Panel reversed the hearing officer's decision.

Specifically, despite the undisputed health problems shown, the Panel noted that claimant became separated from this employment because she resigned. And, while acknowledging that the health problems experienced by claimant and her children were outside her control, the Panel ruled that the findings and the record did not show that her resignation "was somehow nonvolitional," i.e., "that she was unable to continue working, or that she could not exercise some control in resigning because of those circumstances." Based on this analysis, the Panel ruled that the

findings did not support the award of benefits granted by the hearing officer, but rather supported a disqualification from benefits pursuant to § 8–73–108(5)(e)(XXII).

On appeal, claimant contends that the Panel erred in reversing the hearing officer's decision and disqualifying her from benefits based on the factual findings expressly and implicitly made by the hearing officer. Rather, she asserts that she established that she was not responsible or "at fault" for the separation and that the hearing officer properly granted her an award of benefits on this basis. We are not persuaded. To the contrary, on the record here, we agree with the Panel's analysis of the "fault" issues.

■ The disqualifying provisions of § 8–73–108(5)(e), C.R.S.1997, must be read in light of the express legislative intent set forth in § 8–73–108(1)(a), C.R.S.1997, to provide benefits to those who become unemployed through "no fault" of their own. Thus, even if the findings of the hearing officer may support the application of one of the disqualifying sections of the statute, a claimant may still be entitled to benefits if the totality of the circumstances establishes that the claimant's separation occurred through no fault of her own. See Gonzales v. Industrial Commission, 740 P.2d 999 (Colo. 1987); Keil v. Industrial Claim Appeals Office, 847 P.2d 235 (Colo.App.1993).

■ Under the unemployment scheme, "fault" is a term of art which is used as a factor to determine whether the claimant or the employer is responsible overall for the separation from employment. In this context, "fault" has been defined as requiring a volitional act or the exercise of some control or choice by the claimant in the circumstances resulting in the separation such that the claimant can be said to be responsible for the separation. See Richards v. Winter Park Recreational Ass'n, 919 P.2d 933 (Colo. App.1996); Collins v. Industrial Claim Appeals Office, 813 P.2d 804 (Colo.App.1991).

■ We also note that the determination as to whether a claimant was responsible or "at fault" for the separation from employment is not a question of evidentiary fact, but rather is an ultimate legal conclusion to be

based on the established findings of evidentiary fact. *Board of Water Commissioners v. Industrial Claim Appeals Office,* 881 P.2d 476 (Colo.App.1994).

 Here, although it is undisputed that various health problems motivated claimant's decision to quit, it is also clear that her separation from this employment resulted when she chose to resign. Thus, while claimant's health concerns may have provided her with subjectively compelling personal reasons for quitting this employment, she could not be entitled to an award of benefits on a "no fault" basis unless she established that her separation was essentially involuntary under the objective circumstances shown, notwithstanding her resignation. *Cf. Goddard v. E G & G Rocky Flats, Inc.,* 888 P.2d 369 (Colo. App.1994) (quitting in the face of an otherwise imminent involuntary termination was *not* a separation from employment by claimant's volitional choice, and disqualification therefore unwarranted).

We agree with the Panel that an involuntary separation was not demonstrated here. Contrary to claimant's argument, the hearing officer did not make any evidentiary finding, implicitly or otherwise, that claimant was unable to continue working at the time of her resignation, nor would the record support any such finding.

Rather, the record shows that, notwithstanding the health problems, claimant had been working until she abruptly quit after a confrontation with her supervisor. The hearing officer also did not find, and the record does not show, that claimant's job was in any imminent jeopardy from her attendance deficiencies stemming from the health problems. To the contrary, although claimant was to be given a written warning for having left early the previous day, the supervisor testified that claimant was not going to be discharged over the incident, and claimant acknowledged that she was not told her job was in jeopardy at that point.

On this record, we perceive no error in the Panel's ruling. Rather, we conclude that, based on the established findings of evidentiary fact, the Panel properly ruled that claimant was responsible or "at fault" for her separation by her volitional choice to quit under the circumstances shown, notwithstanding the health problems. We further agree with the Panel that the factual findings and the record support the conclusion that claimant quit this employment for subjective, personal reasons which do not provide an objective basis for an award of benefits.

Thus, the Panel's ruling imposing a disqualification from benefits pursuant to § 8–73–108(5)(e)(XXII) will not be disturbed on review. *See* § 8–74–107(6), C.R.S.1997; *Richards v. Winter Park Recreational Ass'n, supra; Board of Water Commissioners v. Industrial Claim Appeals Office, supra;* see *also Ward v. Industrial Claim Appeals Office,* 916 P.2d 605 (Colo.App.1995).

The Panel's order is affirmed.

PLANK and MARQUEZ, JJ., concur.