24CA0727 Malczewski v ICAO 08-29-2024 COLORADO COURT OF APPEALS Court of Appeals No. 24CA0727 Industrial Claim Appeals Office of the State of Colorado DD No. 2965-2024 Melissa Malczewski, Petitioner, v. Industrial Claim Appeals Office of the State of Colorado and Colorado State Department of Corrections 440001, Respondents. ORDER AFFIRMED Division III Opinion by JUDGE MOULTRIE Dunn and Yun, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 29, 2024 Melissa Malczewski, Pro Se No Appearance for Respondents 
1 ¶ 1 Melissa Malczewski seeks review of a final order of the Industrial Claim Appeals Office (the Panel) disqualifying her from receiving unemployment insurance benefits based on her job separation from the Colorado Department of Corrections (CDOC). We affirm the Panel’s order. I. Background ¶ 2 Malczewski worked as a Correctional Officer I for the CDOC for seven months in 2023, until the CDOC terminated her employment. At all relevant times, Malczewski had a medical condition causing blood loss, which she mitigated by routinely injecting herself with a physician-prescribed vitamin B12 shot. The CDOC terminated Malczewski’s employment after she brought a needle and syringe to work to administer herself a B12 shot — without appropriately documenting the item as required by CDOC policy — and later losing the needle. ¶ 3 Malczewski applied to receive unemployment benefits from the Division of Unemployment Insurance. After reviewing evidence regarding the reason for Malczewski’s job separation, a hearing officer adjudicated Malczewski disqualified from receiving benefits under section 8-73-108(5)(e)(XX), C.R.S. 2024. 
2 ¶ 4 The Panel affirmed the hearing officer’s factual findings and legal conclusions. II. Discussion A. Standard of Review ¶ 5 We may only set aside the Panel’s decision if the factual findings are not supported by substantial evidence or related reasonable inferences, if the factual findings do not support the legal conclusion, or if the decision is erroneous as a matter of law. § 8-74-107(4), (6), C.R.S. 2024; Yotes, Inc. v. Indus. Claim Appeals Off., 2013 COA 124, ¶ 10. Substantial evidence is “probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular finding.” Rathburn v. Indus. Comm’n, 566 P.2d 372, 373 (Colo. App. 1977). B. Applicable Law ¶ 6 Section 8-73-108(5)(e)(XX) disqualifies a claimant from receiving benefits if her “failure to meet established job performance or other defined standards” proximately caused her job separation. To evaluate proximate cause, the hearing officer considers the totality of the evidence and determines the motivating factors in the 
3 employee’s separation. Eckart v. Indus. Claim Appeals Off., 775 P.2d 97, 99 (Colo. App. 1989.) ¶ 7 The disqualifying provisions of section 8-73-108(5)(e) “must be read in the light of the express legislative intent . . . to provide benefits to those who become unemployed through ‘no fault’ of their own.” Cole v. Indus. Claim Appeals Off., 964 P.2d 617, 618 (Colo. App. 1998); § 8-73-108(1)(a). In this context, “fault” requires a volitional act or “the exercise of some control or choice by the claimant in the circumstances resulting in the separation such that the claimant can be said to be responsible for the separation.” Cole, 964 P.2d at 618. A claimant’s responsibility or “fault” for her job separation is an ultimate legal conclusion based on the established findings of evidentiary fact. Id. at 618-19. C. Proximate Cause ¶ 8 Malczewski argues the hearing officer erred in determining the proximate cause of her discharge. We do not address other potential reasons for the discharge, as Malczewski urges, because substantial evidence in the record supports the hearing officer’s findings. § 8-74-107(4); Rathburn, 566 P.2d at 373. 
4 ¶ 9 The evidence presented to the hearing officer included a written description of Malczewski’s job duties, as set forth in a performance improvement plan she received in August 2023. Those duties included “maintain[ing]” the Trinidad Correctional Facility’s “safety and security” by ensuring “the proper use of controlled items, keys, tools, [and] equipment” and “enforc[ing] security procedures and control[ling] contraband.” Her job description also explicitly required “adherence to [the CDOC’s] Administrative Regulations.” ¶ 10 Associate Warden David Sliger testified he terminated Malczewski for violating a CDOC a regulation that “identifies needles and sharps as . . . controlled item[s] which must be accounted for,” as well as another regulation that prohibits employees from engaging in activities that could jeopardize the facility’s security or safety. Both Sliger and Malczewski testified that Malczewski failed to declare the needle at the facility’s entrance or complete an inventory sheet accounting for it as required, and the needle was later lost inside the facility. ¶ 11 The hearing officer determined that the CDOC terminated Malczewski “because she did not follow [CDOC] procedures.” In 
5 doing so, the hearing officer found that “she brought a syringe and needle into the prison facility to administer prescribed B12 shots to herself” and “should have declared these items and an inventory sheet should have been completed.” She then “lost the needle.” The hearing officer also found that Malczewski “signed that she had read and understood all policies and procedures” and the syringe and needle “were considered dangerous contraband.” ¶ 12 Thus, there is substantial evidence to support the hearing officer’s findings, and we may not alter the hearing officer’s findings of fact if they are supported by the evidence. See Tilley v. Indus. Claim Appeals Off., 924 P.2d 1173, 1177 (Colo. App. 1996). D. Fault ¶ 13 Malczewski also appears to argue that the hearing officer erred by finding her at fault for her job separation. We disagree. ¶ 14 Malczewski doesn’t dispute that she failed to follow CDOC policies. But she contends that the evidence showed she lost substantial blood on the date of the incident, rendering her “confused” and “not in the right state of mind” when she “took the syringe to work.” Construed liberally, her argument appears to suggest she therefore lacked control over the circumstances 
6 surrounding her discharge. See People v. Bergerud, 223 P.3d 686, 696-97 (Colo. 2010) (we construe pro se filings liberally, giving effect to their substance rather than form). ¶ 15 Here, the hearing officer found that Malczewski had given “herself a shot at home before leaving for her shift” and had “placed the syringe, needle and bottle of B12 in her lunch box, which she then took to work in case she needed to give herself another shot while at work.” The officer also found, with record support, that Malczewski should have “declared [the controlled] items,” but did not. The officer concluded that Malczewski “exercised some choice or control in the circumstances leading to the separation.” ¶ 16 Malczewski’s testimony regarding her confusion conflicts with other evidence showing that she had control over her decision to bring the syringe and needle to work. At the hearing, Malczewski testified multiple times that she believed the needle and syringe were allowed in the facility. She does not dispute that she brought the needle and syringe to work, used them to administer a B12 shot, and then lost the needle. ¶ 17 Malczewski also testified that she had failed to read the administrative regulations governing procedures for bringing 
7 medically necessary needles to the facility, and therefore did not know she was violating protocol. She further testified that, had she been aware of the protocol, she would not have violated it. But the record reveals that Malczewski had access to all relevant regulations. ¶ 18 Because the hearing officer’s finding that Malczewski exercised control over the circumstances of her job separation is supported by the record, we won’t disturb it. E. Other Factual Findings ¶ 19 Malczewski argues the hearing officer made several incorrect factual findings. Specifically, she asserts that the hearing officer made incorrect factual findings about (1) certain portions of her testimony, (2) the length of employment of another employee, (3) the timeframe in which she administered herself the injection while at work, and (4) whether another employee failed to inventory the needle. ¶ 20 Even accepting these assertions as true, substantial evidence supports the hearing officer’s finding that Malczewski failed to follow protocol when she brought the controlled items into the facility without declaring them. This finding supports the hearing 
8 officer’s legal conclusion that Malczewski’s failure to follow established job standards proximately caused her job separation. Thus, any errors in the court’s other factual findings are harmless. C.A.R. 35(c) (“The appellate court may disregard any error or defect not affecting the substantial rights of the parties.”). F. The Panel Acted Within Its Powers in Declining to Remand for the Hearing Officer to Consider Further Evidence ¶ 21 Malczewski also challenges the hearing officer’s decision to exclude certain evidence during the hearing — specifically, (1) a photograph Malczewski took allegedly showing the volume of blood she hemorrhaged two days before the incident and (2) a doctor’s note allegedly supporting Malczewski’s contention that she becomes confused due to the blood loss her medical condition occasions. To the extent Malczewski argues the Panel erred in failing to remand her case to the hearing officer to consider that evidence, we disagree. ¶ 22 The Panel has the authority to “affirm, modify, reverse, or set aside” a hearing officer’s decision “on the basis of the evidence in the record previously submitted in the case.” Dep’t of Labor & Emp. Reg. 11.2.16, 7 Code Colo. Regs. 1101-2. Alternatively, the 
9 Panel may remand a case for the hearing officer to consider further evidence, but only if “there has been a compelling demonstration that such evidence, if credited, would establish that a miscarriage of justice occurred.” Id. ¶ 23 In this case, the Panel found Malczewski “was provided a fair opportunity to present evidence in the scheduled hearing.” Thus, it found “no basis” merited remanding the case to allow Malczewski to present her excluded evidence. Regulation 11.2.16 authorized the Panel to make this determination. See id. Malczewski does not argue that insufficient factual findings or legal error invalidate this determination, and we perceive none. III. Disposition ¶ 24 We affirm the Panel’s order. JUDGE DUNN and JUDGE YUN concur.