24CA1319 Schaupeter v ICAO 12-12-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1319
Industrial Claim Appeals Office of the State of Colorado
DD No. 10260-2024

Jenifer Schaupeter,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Happy Paws
Veterinary Hospital, LLC,

Respondents.

ORDER AFFIRMED

Division V
Opinion by JUDGE LUM
Freyre and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 12, 2024

Jenifer Schaupeter, Pro Se

No Appearance for Respondents

¶ 1 Jenifer Schaupeter seeks review of a final order of the Industrial Claim Appeals Office (the Panel) disqualifying her from receiving unemployment insurance benefits based on her job separation from Happy Paws Veterinary Hospital, LLC (the Hospital). We affirm the Panel's order.

I. Background

¶ 2 Schaupeter worked as a veterinary assistant and administrative assistant for the Hospital from October 11, 2023, until the Hospital terminated her employment on December 14, 2023.

¶ 3 Schaupeter applied to receive unemployment benefits from the Division of Unemployment Insurance (the Division). A deputy for the Division determined Schaupeter was entitled to benefits. The Hospital appealed that decision, and the Division scheduled the matter for an evidentiary hearing regarding the reasons for Schaupeter's job separation.

¶ 4 Upon reviewing the evidence, the hearing officer found that the Hospital terminated Schaupeter due to a "personality conflict outside her control" and because she "accidentally locked one of the Hospital's resident cats in an office without food, water, or access to

1

a litter box, overnight." The hearing officer noted that "having locked a cat in an office overnight was an unknown accident and not a volitional act, purposefully done." The hearing officer determined that Schaupeter "was not responsible for the separation" and was thus entitled to benefits under section 8-73-108(4), C.R.S. 2024.

¶ 5    The Hospital appealed, and the Panel reversed the hearing officer's decision. While the Panel accepted the hearing officer's factual findings regarding the reason for Schaupeter's job separation, it concluded that Schaupeter was disqualified from receiving benefits under section 8-73-108(5)(e)(XX) because allowing a resident cat into a restricted area overnight where it had no access to food, water, or a litter box was a volitional act even though it wasn't intentional. Accordingly, the Panel determined that Schaupeter was at fault for her job separation and thus not entitled to benefits.

## II.    Discussion

¶ 6    Because Schaupeter represents herself, we construe her arguments liberally, giving effect to their substance rather than form. *People v. Bergerud*, 223 P.3d 686, 696-97 (Colo. 2010). We

discern that Schaupeter makes the following arguments: (1) that the evidence does not support a disqualification; (2) that she bore no fault for her job separation, since she performed diligently and in good faith; and (3) that the Panel's order should be set aside because the Hospital never reprimanded her for poor performance or warned her regarding repercussions for the same. Schaupeter's arguments provide us no basis to set aside the Panel's order.

## A.     Standard of Review

¶ 7     Under section 8-74-107(4), (6), C.R.S. 2024, we may not disturb factual findings "supported by substantial evidence" and may only set aside the Panel's decision if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the factual findings don't support its decision; or (4) the decision is erroneous as a matter of law. Substantial evidence is evidence that is "probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular finding, without regard to the existence of contradictory testimony or contrary inferences." *Rathburn v. Indus. Comm'n*, 566 P.2d 372, 373 (Colo. App. 1977).

## B.     Applicable Law

¶ 8     Section 8-73-108(5)(e)(XX) disqualifies a claimant from receiving benefits if her "failure to meet established job performance or other defined standards" caused her job separation.  To evaluate cause, the hearing officer considers the totality of the evidence and determines the motivating factors in the employee's separation. *Eckart v. Indus. Claim Appeals Off.*, 775 P.2d 97, 99 (Colo. App. 1989).  "All that is required to establish a disqualification pursuant to § 8-73-108(5)(e)(XX) is that claimant did not do the job for which [they were] hired and which [they] knew was expected of [them]." *Pabst v. Indus. Claim Appeals Off.*, 833 P.2d 64, 64-65 (Colo. App. 1992).

¶ 9     The disqualifying provisions of section 8-73-108(5)(e)(XX) "must be read in light of the express legislative intent . . . to provide benefits to those who become unemployed through 'no fault' of their own."  *Cole v. Indus. Claim Appeals Off.*, 964 P.2d 617, 618 (Colo. App. 1998); *see* § 8-73-108(1)(a).  Thus, even if the hearing officer's findings may support a disqualification under that section, a claimant may still be entitled to benefits if the totality of the circumstances establishes that her job separation occurred through

no fault of her own. *Cole*, 964 P.2d at 618. In this context, "fault" requires a volitional act or "the exercise of some control or choice by the claimant in the circumstances resulting in the separation such that the claimant can be said to be responsible for the separation." *Id.* A claimant's responsibility or "fault" for her job separation is an ultimate legal conclusion based on the established findings of evidentiary fact. *Id.* at 618-19.

### C. Application

#### 1. Disqualification

¶ 10 The Panel found that Schaupeter was aware that she was expected "to ensure all cats at the Hospital had access to food, water, and a litter box when closing the practice in the evening." Schaupeter doesn't dispute this finding.

¶ 11 Substantial evidence supports the hearing officer's finding that Schaupeter locked the resident cat in a room overnight without food, water, or a litterbox, so we reject Schaupeter's argument that no "proof" supports the finding. The Hospital's general manager, Jacy Harper, testified that Schaupeter was responsible for closing the Hospital the night a resident cat accessed — and was locked

5

inside — the treatment area. Schaupeter does not dispute that she was responsible for closing the Hospital that night.

¶ 12 Moreover, contrary to Schaupeter's argument, substantial evidence also supports the hearing officer's finding that the Hospital terminated Schaupeter's employment, in part, as a result of this incident. Indeed, when the hearing officer asked why the Hospital terminated Schaupeter's employment, Harper highlighted the incident with the cat. This testimony was consistent with the Hospital's prehearing written explanations for the job separation, which the hearing officer admitted into evidence.

## 2. Fault

¶ 13 Schaupeter appears to contest the Panel's conclusion that she was at fault for the separation, arguing that she generally performed her job diligently and in good faith. However, "fault" in this context "is not necessarily related to culpability, but only requires a volitional act or the exercise of some control or choice in the circumstances leading to the discharge from employment." *Richards v. Winter Park Rec. Ass'n*, 919 P.2d 933, 934 (Colo. App. 1996). Thus, whether Schaupeter acted diligently and in good faith has no bearing on the analysis. And the Panel correctly concluded

that Schaupeter was at fault for her separation because, although she did not purposefully lock the cat in the treatment room, she exercised "some control or choice" over the circumstances. *Id.*

### 3. Reprimands and Warnings Are Immaterial

¶ 14 Finally, we are not persuaded by Schaupeter's argument that reversal is required because the Hospital never reprimanded her for performance issues nor warned her of potential repercussions for the same. No warning or reprimand is required to establish a disqualification under section 8-73-108(5)(e)(XX). *See Pabst*, 833 P.2d at 65 (holding no warning regarding poor job performance is required to establish a disqualification under section 8-73-108(5)(e)(XX)). Nor was a warning or reprimand required to establish fault, as that finding relates only to whether the claimant exercised control over the circumstances surrounding the separation. *Richards*, 919 P.2d at 934.

## III. Disposition

¶ 15 The Panel's order is affirmed.

JUDGE FREYRE and JUDGE GROVE concur.