25CA1364 Dorsaint v ICAO 12-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1364
Industrial Claim Appeals Office of the State of Colorado
DD No. 3559-2025

Dina Dorsaint,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division I
Opinion by JUDGE GROVE
J. Jones and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 24, 2025

Dina Dorsaint, Pro Se

No Appearance for Respondent

¶ 1   Dina Dorsaint appeals the denial of her claim for unemployment benefits.  We affirm.

## I.   Background

¶ 2   Dorsaint worked as a shift supervisor for Goodwill (Employer).  Shortly after Employer fired Dorsaint, a deputy for the Division of Unemployment Insurance (Division) denied her claim for unemployment benefits.  Dorsaint appealed that decision to the Division, which scheduled the matter for an evidentiary hearing regarding the reasons for Dorsaint's job termination.

¶ 3   Upon reviewing the evidence introduced at the hearing, the hearing officer found that Employer fired Dorsaint for exceeding established limits on discounting retail items.  Thus, the hearing officer determined, Dorsaint was disqualified from receiving unemployment benefits under section 8-73-108(5)(e)(XX), C.R.S. 2025 (disqualifying claimants terminated for failure to meet "established job performance or other defined standards").  Finally, the hearing officer found that Dorsaint was "at fault" for her termination and was thus not otherwise entitled to benefits.  Dorsaint appealed to the Panel, which affirmed the hearing officer's decision.

## II.     Discussion

### A.     Standard of Review and Legal Principles

¶ 4     Under section 8-74-107, C.R.S. 2025, we may not disturb factual findings "supported by substantial evidence" and may only set aside the Panel's decision if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the factual findings do not support its decision; or (4) the decision is erroneous as a matter of law. Substantial evidence is "probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular finding." *Rathburn v. Indus. Comm'n*, 566 P.2d 372, 373 (Colo. App. 1977).

¶ 5     Section 8-73-108(5)(e)(XX) disqualifies a claimant from receiving benefits if her "failure to meet established job performance or other defined standards" caused her job separation. To evaluate cause, the hearing officer considers the totality of the evidence and determines the motivating factors in the employee's separation. *Eckart v. Indus. Claim Appeals Off.*, 775 P.2d 97, 99 (Colo. App. 1989). "All that is required to establish a disqualification pursuant to [section] 8-73-108(5)(e)(XX) is that claimant did not do the job for

which [s]he was hired and which [s]he knew was expected of [her]." *Pabst v. Indus. Claim Appeals Off.*, 833 P.2d 64, 64-65 (Colo. App. 1992).

¶ 6 The disqualifying provisions of section 8-73-108(5)(e)(XX) "must be read in the light of the express legislative intent . . . to provide benefits to those who become unemployed through 'no fault' of their own." *Cole v. Indus. Claim Appeals Off.*, 964 P.2d 617, 618 (Colo. App. 1998) (quoting § 8-73-108(1)(a)). Thus, even if the hearing officer's findings may support a disqualification under that section, a claimant may still be entitled to benefits if the totality of the circumstances establishes that her job separation occurred through no fault of her own. *Id.* In this context, "fault" requires a volitional act or "the exercise of some control or choice by the claimant in the circumstances resulting in the separation such that the claimant can be said to be responsible for the separation." *Id.* A claimant's responsibility or "fault" for her job separation is an ultimate legal conclusion to be based on the established findings of evidentiary fact. *Id.* at 618-19.

## B. Substantial Evidence

¶ 7    Dorsaint argues that "no evidence" supports the hearing officer's finding that she violated Employer's discount policy. Based on our review of the record, we disagree.

¶ 8    The hearing officer found that Employer allowed employees to discount items for their own purchase by up to fifteen percent. Additionally, Employer allowed employees to discount damaged items for customers by up to fifty percent. The hearing officer also found that Dorsaint was aware of the discount policy. Substantial evidence supports these findings.

¶ 9    During the hearing, Michael Perreira, Employer's Loss Prevention Specialist, testified that Employer's employee discount policy allowed employees to take up to fifteen percent off their own purchases. Dorsaint testified that she was aware of this policy. She also testified that Employer allowed employees to discount damaged items for customers by up to fifty percent.

¶ 10    Substantial evidence also supports the hearing officer's finding that Dorsaint violated the discount policy. At the hearing, Perreira testified that he reviewed camera footage showing Dorsaint ringing up items for her own purchase as well as for coworkers. This

4

footage showed a discrepancy between the purchase price listed on the items and the amounts entered into the register and ultimately paid. That discrepancy exceeded the fifteen percent employee discount. On some of these items, Dorsaint discounted the purchase price by approximately 70 percent.

¶ 11    Further, the hearing officer admitted Dorsaint's signed acknowledgment that she had paid fifty percent or less of the marked price for multiple store items, without permission. The hearing officer expressly gave Dorsaint an opportunity to object to this evidence, and Dorsaint did not object.

¶ 12    The foregoing substantial evidence supports the hearing officer's conclusion that Dorsaint was disqualified from receiving benefits under section 8-73-108(5)(e)(XX). *See Pabst,* 833 P.2d at 64-65.

¶ 13    To the extent Dorsaint challenges the hearing officer's determination that Dorsaint was at fault for her job separation, we reach the same conclusion. The hearing officer determined that there was "no persuasive evidence" that Dorsaint violated the discount policy "due to any factor outside her choice and control."

Dorsaint provides no specific basis for us to disturb the hearing officer's finding, and we perceive none.

### C. Due Process and General Fairness

¶ 14 Dorsaint contends that the hearing officer deprived her of a fair hearing, in violation of the United States and Colorado Constitutions, as well as a federal statute requiring a fair hearing where the state denies unemployment benefits. Specifically, she argues that the hearing officer failed to provide her (1) a fair opportunity to present evidence; (2) a fair opportunity to cross-examine witnesses; and (3) adequate time to "explain [her] situation or challenge [Employer's] allegations." She also asserts that the hearing officer "acted with bias and failed to apply neutral judgment." We are not persuaded.

¶ 15 Dorsaint does not identify any particular evidence she was precluded from offering. And the hearing transcript discloses one point at which Dorsaint indicated she was unaware that she should (or perhaps could) call witnesses, and another point at which the hearing officer declined to enter into evidence certain receipts, which neither the Division nor Employer had received beforehand.

To the extent Dorsaint implicitly argues error in connection with the foregoing, we perceive none.

¶ 16    The record shows that, sixteen days before the hearing, the Division mailed Dorsaint instructions for presenting evidence. Those instructions advised Dorsaint that she could subpoena witnesses and present documentary evidence at the hearing, so long as she made disclosures to the Division and Employer beforehand. Dorsaint's appellate briefing is silent as to this notice. Nonetheless, we observe that the notice also included instructions for attending the hearing, and Dorsaint appears to have received those instructions. In light of this, and absent a more specific argument or analysis, we perceive no reversible error in connection with Dorsaint's opportunity to present evidence. *See Middlemist v. BDO Seidman, LLP*, 958 P.2d 486, 495 (Colo. App. 1997) (noting that an appellant must identify specific errors and legal authorities supporting reversal); *Taylor v. Taylor*, 2016 COA 100, ¶13 (declining to address a conclusory and skeletal contention unsupported by substantial argument).

¶ 17    Similarly, upon reviewing the transcript, and lacking more specific guidance from Dorsaint, we discern no obvious unfairness

concerning her opportunity to cross-examine witnesses or present her case. Nor do we perceive any point at which Dorsaint alerted the hearing officer to any such unfairness, thereby allowing the hearing officer to correct it.[1] For these reasons, we decline to further consider these arguments. *See Taylor*, ¶ 13; *see also Velo v. Emp. Sols. Pers.* 988 P.2d 1139, 1143 (Colo. App. 1998) (declining to consider arguments raised for the first time on appeal).

¶ 18    We likewise reject Dorsaint's argument that the hearing officer "acted with bias and failed to apply neutral judgment." Dorsaint provides no specific examples of such bias, nor any substantial argument to support her conclusion. *See Taylor*, ¶ 13. We perceive no obvious bias in the proceedings or the hearing officer's opinion.

### D.    Additional Issues

¶ 19    Dorsaint further contends that the hearing officer erred by crediting Employer's "false claims." As discussed above, substantial evidence in the record supports the hearing officer's findings. And

---

[1] In its ruling affirming the hearing officer's decision, the Panel did identify two errors by the hearing officer that it ultimately concluded were harmless. The Panel also noted, however, that had "raised no issues or complaints in her appeal with respect to the hearing officer's conduct of the hearing,"

to the extent Dorsaint suggests we should reweigh the evidence or second-guess the hearing officer's credibility determinations, we may not do so. *Sanchez v. Indus. Claim Appeals Off.*, 2017 COA 71, ¶ 57.

¶ 20    Finally, Dorsaint argues that the hearing officer erred by failing to consider "all facts and evidence." Again, Dorsaint does not expand on this argument or identify specific facts or evidence she believes the hearing officer overlooked. Regardless, we note that the hearing officer had no obligation to address evidence he did not find persuasive. *Tilley v. Indus. Claim Appeals Off.*, 924 P.2d 1173, 1177 (Colo. App. 1996). We discern no reversible error.

## III.    Disposition

¶ 21    We affirm the Panel's order.

JUDGE J. JONES and JUDGE SCHUTZ concur.