26CA0029 Caldwell v ICAO 04-30-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 26CA0029
Industrial Claim Appeals Office of the State of Colorado
WC No. 24157-2025

---

Zachary Caldwell,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER SET ASIDE AND CASE REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE SULLIVAN
Fox and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 30, 2026

---

Zachary Caldwell, Pro Se

No appearance for Respondent Industrial Claim Appeals Office

¶ 1    In this unemployment benefits case, Zachary Caldwell appeals a final order of the Industrial Claim Appeals Office (the Panel) disqualifying him from receiving benefits. Because we conclude that the outcome in this case rests on a factual uncertainty that the hearing officer never resolved, we set aside the Panel's order and remand the case for further proceedings.

## I.    Background

¶ 2    Caldwell worked for Alpacka Raft, LLC (Employer) until he was discharged in June 2025. He applied for unemployment benefits, but a deputy for the Division of Unemployment Insurance (Division) issued a written Notice of Determination finding that Caldwell was disqualified from receiving benefits under section 8-73-108(5)(e)(VII), C.R.S. 2025. That section applies when a job separation is due to the worker's violation of a statute or company rule which could have caused serious damage to an employer. Caldwell appealed the determination, and a hearing was scheduled. The hearing officer affirmed the deputy's determination but changed the disqualification section to section 8-73-108(5)(e)(XX). That section applies when the reason for the job separation is the failure

to meet established job performance or other defined standards. Caldwell appealed to the Panel, which affirmed.

## II. Standard of Review and Legal Principles

¶ 3 We may set aside the Panel's decision if the findings of fact don't support the decision or the decision is erroneous as a matter of law. § 8-74-107(6)(c)–(d), C.R.S. 2025. Like the Panel, we don't disturb the hearing officer's factual findings that are supported by substantial evidence or reasonable inferences drawn from that evidence. *Yotes, Inc. v. Indus. Claim Appeals Off.*, 2013 COA 124, ¶ 10.

¶ 4 The disqualifying provisions of section 8-73-108(5)(e) must be read in light of the express legislative intent found in section 8-73-108(1)(a) to provide benefits to those who become unemployed through no "fault" of their own. *Cole v. Indus. Claim Appeals Off.*, 964 P.2d 617, 618 (Colo. App. 1998). Whether a claimant is at fault for a job separation "must be determined on a case-by-case basis, with due consideration given to the totality of the circumstances in each particular situation." *Morris v. City & County of Denver*, 843 P.2d 76, 79 (Colo. App. 1992).

## III. Discussion

¶ 5    On appeal, Caldwell argues that his case doesn't involve willful or deliberate misconduct, but only "medically documented health-related incapacity." He also asserts that, while an employee handbook existed, the policies were inconsistently applied. He further contends that the hearing officer failed to consider his evidence, including his Family and Medical Leave Insurance (FAMLI) documentation. Finally, he asserts that Employer "did not meet the burden of proof when it did not participate in the hearing."

¶ 6    The hearing officer found the following facts. Caldwell worked for Employer in its shipping department for approximately four years. During that time, he developed a medical condition that causes nutritional deficiency. To manage the condition, he worked starting in the early afternoon and ending in the evening. He was allowed to leave twice during his shift, once for lunch and once for dinner. The hearing officer found that, while Caldwell clocked out for lunch, he didn't clock out for dinner, allowing him to maintain the thirty-two hours per week needed to keep his health insurance.

¶ 7    In March, Caldwell applied for the FAMLI leave program through the state of Colorado. Caldwell obtained a doctor's note

and was approved for the program. He took FAMLI leave from March 26 to June 26, 2025. Upon his return, Employer told him he was terminated for violating time-card policies.

¶ 8 After carefully reviewing the record, we harbor concerns about the "claim file" that the hearing officer relied on, in part, to determine that Caldwell wasn't entitled to benefits. We observe that all the electronically submitted unemployment claim questionnaires, admitted as the "claim file," purport to be from Caldwell but are instead signed by Employer's owner, Thor Tingy.

¶ 9 We acknowledge that when the hearing officer asked if Caldwell had received the claim file, Caldwell responded that he had. The hearing officer asked if he had any objections to the file's admission, and Caldwell responded that he didn't.

¶ 10 But, during the hearing, the hearing officer never asked why the questionnaires bore Tingy's signature instead of Caldwell's. One of those questionnaires included a purported admission that Caldwell "stole time" from Employer. That statement is inconsistent with Caldwell's testimony at the hearing. Further, Employer didn't appear for the hearing. Thus, we can't discern from the record whether Caldwell received the questionnaires or completed them,

4

and, if he did, whether he somehow authorized Tingy to complete them on his behalf.

¶ 11 We conclude that understanding the circumstances surrounding the completion of the claim file is necessary for us to fully evaluate the evidence supporting the Panel's order. For example, the hearing officer concluded that Caldwell "knew he did not have permission to stay clocked in while taking an hour for dinner." It's possible the hearing officer found support for that conclusion in the purported admission about "stolen time" discussed above. But we don't see any other clear support for that conclusion in Caldwell's testimony at the hearing.

¶ 12 Thus, given the state of the record, we are unable to determine whether substantial evidence in the record supports the Panel's order affirming the hearing officer's decision.

## IV. Disposition

¶ 13 The Panel's order is set aside, and the case is remanded to the Panel with instructions to return it to the hearing officer for additional findings to determine who completed the unemployment questionnaires in the record and under what authority. We make no determination on the merits of the appeal.

JUDGE FOX and JUDGE KUHN concur.